Common Pleas Court of Hamilton County

VERNON G. HECHT ET AL., V. CHARLES A. ROOS ET AL.

Decided January 18, 1933.

*Cecil L. Hall* and *Oliver M. Dock,* for plaintiffs.
*Robert Black,* and *Geo. C. Kuhn,* for defendant, Charles A. Roos.

SCHWAB, J.

The plaintiffs move the court for an order to strike from the files an entry heretofore filed in this cause, making The Meyer Hecht Company a party defendant. This action was commenced by the plaintiffs filing their petition against the defendant Charles A. Roos, seeking specific performance of a contract. The defendant, Charles A. Roos, filed his answer and cross-petition to the petition herein.

The record discloses that the defendant Charles A. Roos, by leave of court, withdrew his answer, and by further

leave of court filed a demurrer to the plaintiff's petition. The demurrer was heard and overruled. The defendant, by his counsel, in open court, declared his intention not to plead further, whereupon the court considered the cause on the plaintiffs' petition and entered a decree granting the specific performance prayed for.

Subsequent to the entering of the judgment of the court counsel for the defendant secured leave of court to make the Meyer Hecht Company a party defendant on his cross-petition.

The motion of the plaintiff is therefore to strike from the files the entry making the Meyer Hecht Company a party defendant to this action.

It is the contention of counsel for the defendant that having asked leave of the court to withdraw his answer only in the original action, that the cause of action as stated in his cross-petition survives, even though the court has ruled adversely to him on his demurrer to the petition. He therefore contends that the cross-petition is still before the court, and the entry making the Meyer Hecht company new party defendant is entirely proper.

Section 11314, General Code, provides:

"WHAT ANSWER MUST CONTAIN: The answer shall contain:

"1. A general or specific denial of each material allegation of the petition controverted by the defendant;

"2. A statement in ordinary and concise language of new matter constituting a defense, counterclaim or set-off;

"3. When a defendant seeks affirmative relief therein, a demand for such relief."

A cross-petition is merely an answer seeking affirmative relief.

It was held in the case of *John Davis* v. *Jacob Hines,* 6 O. S. 473, that:

"Where a defendant filed a demurrer and answer, at the same time, and in the same paper, to a petition containing but one cause of action, he ought to be compelled to elect between the two incongruous issues he presents, and the paper ought to be either reformed or stricken from the files."

It is also held in syllabus 1 of the case of *Rolly B. Calvin, et al* v. *State of Ohio,* 12 O. S. 60:

"That the filing of an answer and amended answer, tendering sundry issues of fact to the entire cause of action, is a waiver of a demurrer previously filed to the whole cause of action, and that it is not error in such case, to send the issues of fact to a jury without first disposing of the demurrer."

The court is therefore of the opinion that the defendant having withdrawn his answer, by leave of court, for the purpose of demurring to the petition, likewise withdrew the counterclaim set forth in such answer and styled a "cross-petition." The statement in open court that he did not desire to plead further upon the overruling of his demurrer, and permitting a judgment to be entered by the court closed the case, and he cannot now by making new parties defendant proceed upon the counterclaim set forth in his original answer.

The court is therefore of the opinion that the motion to strike is well taken and the same will be granted.